**[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1212.]**

IN RE DISQUALIFICATION OF MASCHARI.

THE STATE OF OHIO *v*. MACKEY, A.K.A. BRADEN.

**[Cite as *In re Disqualification of Maschari*, 1999-Ohio-8.]**

*Judges—Affidavit of disqualification—Defendant's counsel was judge's election opponent, two grievances arising from the campaign have been filed against her, and counsel and members of his law firm will be called as witnesses in any subsequent disciplinary proceedings—Combination of factors cited by affiant warrants blanket order of disqualification.*

(No. 99-AP-040—Decided July 13, 1999.)

ON AFFIDAVIT OF DISQUALIFICATION in Erie County Court of Common Pleas case No. 98 CR 495.

————————————

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification filed by James W. Hart, counsel for defendant Tricia S. Mackey, a.k.a. Braden, seeks the disqualification of Judge Ann B. Maschari from further proceedings regarding the above-captioned case.

{¶ 2} Affiant was Judge Maschari's opponent in the 1998 general election. He alleges that two grievances arising from that campaign have been filed against Judge Maschari and that he and other members of his law firm will be called as witnesses in any subsequent disciplinary proceedings. Affiant claims that these circumstances create an appearance of impropriety that mandates Judge Maschari's disqualification from affiant's cases for the duration of the disciplinary proceedings.

{¶ 3} As Judge Maschari correctly notes, a judge ordinarily will not be disqualified based solely on the fact that a lawyer in a pending case is or has been the judge's election opponent, *In re Disqualification of Burnside* (1992), 74 Ohio

St.3d 1240, 657 N.E.2d 1346, or has filed a disciplinary complaint against the judge, *In re Disqualification of Kilpatrick* (1989), 47 Ohio St.3d 605, 546 N.E.2d 929. However, I conclude that the combination of the factors cited by affiant is sufficient to create an appearance of impropriety that mandates Judge Maschari's disqualification. Accordingly, Judge Maschari is disqualified from all cases in which affiant is counsel of record.

{¶ 4} I recognize that a blanket order of disqualification may have the unintended result of encouraging litigants to retain James W. Hart solely for the purpose of having their cases heard by a judge other than Judge Maschari. Affiant, other counsel, and litigants engaged in pending and future cases assigned to Judge Maschari are cautioned that the applicability of this order to specific circumstances is subject to review and modification where necessary to prevent its abuse.

{¶ 5} Cases in which affiant is serving as counsel of record shall be reassigned to another judge of the Erie County Court of Common Pleas or to visiting judges assigned to the general division of that court.

———————————