IN RE DISQUALIFICATION OF CUNNINGHAM.

BOWLING *v.* BROADNAX.

[Cite as *In re Disqualification of Cunningham,*
100 Ohio St.3d 1216, 2002-Ohio-7470.]

(No. 02–AP–018—Decided February 27, 2002.)

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Walter Broadnax, seeking the disqualification of Judge Penelope Cunningham from further proceedings in the above-captioned case.

{¶ 2} Affiant references several legal and procedural rulings made by Judge Cunningham in the underlying case and claims that these rulings are the product of racial bias on the part of the judge. Allegations of racial bias are among the

most serious and damaging claims that can be directed at a judge, since such allegations, if true, would not only constitute a violation of the judge's oath of office and the Code of Judicial Conduct, see R.C. 3.23 and Canon 3(B)(5) of the Code of Judicial Conduct, but also would strike at the very heart of the integrity of the judiciary. In order to warrant a judge's disqualification, these claims must be demonstrated by clear evidence that establishes the existence of bias. Here, affiant provides no evidence, beyond speculation, to support his assertions that Judge Cunningham's decisions are the product of bias and prejudice, racial or otherwise. Indeed, affiant asserts that he "cannot say for certain if Judge Cunningham is using my race in making her decision." Moreover, affiant's apparent attempt in the opening paragraph of his affidavit to mischaracterize or misidentify the racial and professional background of his former wife casts serious doubt on the truthfulness of the balance of his affidavit.

{¶ 3} In view of affiant's failure to present clear evidence of bias on the part of Judge Cunningham, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Cunningham.