Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF O'NEILL.

THE STATE OF OHIO *v*. LORING.

THE STATE OF OHIO *v*. CROWDER.

THE STATE OF OHIO *v*. PACK.

THE STATE OF OHIO *v*. DRAFTON.

[Cite as *In re Disqualification of O'Neill*, 100 Ohio St.3d 1226, 2002-Ohio-7476.]

*Judges — Affidavit of disqualification — Judge will not be disqualified based solely on fact that lawyer in a pending case may be a witness in disciplinary proceedings brought against the judge — Judge disqualified to avoid the appearance of impropriety, when.*

(Nos. 02-AP-068, 02-AP-070, 02-AP-071, and 02-AP-072 — Decided July 25, 2002.)

ON AFFIDAVITS OF DISQUALIFICATION in Franklin County Common Pleas Court case Nos. 02CR2797, 02CR2320, 02CR3300, and 02CR2416.

_____

**MOYER, C.J.**

{¶1} Dane Chavers, counsel for defendants Chad Loring, William Crowder, Brandon Pack, and Sylvester Drafton, has filed four affidavits seeking the disqualification of Judge Deborah O'Neill from further proceedings regarding the above-captioned cases. Affiant also seeks Judge O'Neill's disqualification from all future cases assigned to Judge O'Neill in which he is counsel of record.

{¶2} On July 22, 2002, Judge O'Neill forwarded an entry indicating that another public defender was assigned, in place of affiant, to represent the defendant in *State v. Chad Loring*. The substitution of counsel was done at the request of the defendant in

order to resolve the matter on the original trial date and after repeated attempts to reach affiant. In view of the substitution of counsel, the affidavit in No. 02-AP-068 is moot and is hereby dismissed.

{¶3} Relevant to the three remaining affidavits, affiant states that Judge O'Neill is the respondent in a pending disciplinary complaint and that he is identified as a witness to an instance of alleged misconduct that is cited in Count V of the complaint. Affiant further avers that Judge O'Neill has publicly expressed her disgust with allegations contained in the complaint and has stated her view that the allegations are politically motivated. Affiant contends that his role as a witness adverse to Judge O'Neill in forthcoming disciplinary proceedings, together with Judge O'Neill's public characterization of the specific allegations contained in the complaint, create a hostile environment that mandates the judge's disqualification to avoid the appearance of impropriety.

{¶4} Judge O'Neill correctly notes that a judge will not be disqualified from a pending matter based solely on the fact that a lawyer in the matter has filed a disciplinary complaint against the judge. *In re Disqualification of Kilpatrick* (1989), 47 Ohio St.3d 605, 546 N.E.2d 929. Thus, it follows that a judge will not be disqualified from pending matters based solely on the fact that a lawyer in a pending case may be a witness in disciplinary proceedings brought against the judge.

{¶5} However, I have held that a unique combination of factors arising from a pending disciplinary matter can be sufficient to create an appearance of impropriety that mandates a judge's disqualification. See *In re Disqualification of Maschari* (1999), 88 Ohio St.3d 1212, 723 N.E.2d 1101. As was the case in *Maschari*, I find the existence of unique factors that merit Judge O'Neill's disqualification to avoid an appearance of impropriety. Affiant is not only a witness to alleged misconduct contained in the pending disciplinary complaint, but also is alleged to have written a letter regarding the incident he witnessed. This degree of involvement is a strong indication that affiant will not only be called as a witness in future disciplinary proceedings to substantiate the allegations, but

will likely be the subject of vigorous cross-examination by Judge O'Neill's counsel regarding his perception of the events alleged in the disciplinary complaint. Moreover, Judge O'Neill has characterized the claims as politically motivated and been publicly critical of individuals involved in the pending matter. Based on these factors, I conclude that it is necessary to disqualify Judge O'Neill from cases in which affiant is counsel of record, at least for the duration of the pending disciplinary proceedings, to avoid the appearance of impropriety.

{¶6}  For these reasons, Judge Deborah P. O'Neill is disqualified from the above-cited matters, other than *State v. Loring*, which is moot as noted previously, and all future cases in which affiant is counsel of record. The disqualification order shall remain in effect during the pendency of the disciplinary proceedings against Judge O'Neill.

{¶7}  Affiant, other counsel, and litigants engaged in pending and future cases assigned to Judge O'Neill are cautioned that the applicability of this order to specific circumstances is subject to review and modification where necessary to prevent its abuse. In particular, the Franklin County Public Defender should monitor the assignment of cases to affiant in an attempt to minimize instances in which this order applies.

_____