Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF O'NEILL.

THE STATE OF OHIO *v.* THOMPSON.

THE STATE OF OHIO *v.* TOLLIVER.

THE STATE OF OHIO *v.* ARMOR.

[Cite as *In re Disqualification of O'Neill*, 100 Ohio St.3d 1228, 2002-Ohio-7477.]

*Judges — Affidavit of disqualification — Judge will not be disqualified based solely on fact that lawyer in a pending case may be a witness in disciplinary proceedings brought against the judge — Judge disqualified to avoid the appearance of impropriety, when.*

(No. 02-AP-081 — Decided September 19, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Common Pleas Court case Nos. 02CR1942, 02CR3246, and 87CR860.

————————————

**MOYER, C.J.**

{¶1} Rebecca Pokorski, counsel for defendants Richard Thompson, Teresa Tolliver, and John Armor, has filed an affidavit seeking the disqualification of Judge Deborah O'Neill from further proceedings regarding the above-captioned cases. Affiant, who is an assistant Franklin County Public Defender, also seeks Judge O'Neill's disqualification from all future cases assigned to Judge O'Neill in which she is counsel of record.

{¶2} Affiant states that Judge O'Neill is the respondent in a pending disciplinary complaint. Affiant states that she was a witness to and has made

allegations concerning an instance of alleged misconduct that is part of the complaint against Judge O'Neill, and that she will testify in the disciplinary proceedings. Affiant further avers that Judge O'Neill has publicly expressed her disgust with allegations contained in the complaint, has stated her view that the allegations are politically motivated, and takes offense at those who have made complaints against her. Affiant contends that Judge O'Neill's official response to the disciplinary complaint questioned affiant's ability to conduct herself in an ethical manner, characterized affiant as an unprepared and uncooperative attorney, and alleged that affiant had deliberately attempted to mislead Judge O'Neill in a proceeding before her. Affiant contends that her role as a witness adverse to Judge O'Neill in forthcoming disciplinary proceedings, together with Judge O'Neill's public characterization of the allegations contained in the complaint and those who made the complaints, creates a hostile environment that mandates the judge's disqualification to avoid the appearance of impropriety.

**{¶3}** In her response to this affidavit of disqualification, Judge O'Neill stated that the affiant had filed motions for recusal on June 21, 2002, in the above-referenced cases, based on the likelihood that affiant would be a witness in the disciplinary proceedings against Judge O'Neill. Judge O'Neill denied the motions on June 26, and affiant subsequently appeared before Judge O'Neill in a pretrial conference in *State v. Thompson*. The trial was scheduled for July 22, 2002, but was continued at affiant's request prior to the filing of this affidavit. In *State v. Tolliver,* a hearing had been scheduled for August 5 but was stayed pending the decision on this affidavit. In *State v. Armor,* a scheduled hearing was continued to December 16, 2005, at affiant's request. Judge O'Neill assures this court and counsel that she will continue to fairly and impartially adjudicate matters before her in which affiant is counsel.

**{¶4}** I have held that a judge will not be disqualified from a pending matter based solely on the fact that a lawyer in the matter has filed a disciplinary

2

complaint against the judge. *In re Disqualification of Kilpatrick* (1989), 47 Ohio St.3d 605, 546 N.E.2d 929. Thus, it follows that a judge will not be disqualified based solely on the fact that a lawyer in a pending case may be a witness in disciplinary proceedings brought against the judge. See *In re Disqualification of Maschari* (1999), 88 Ohio St.3d 1212, 723 N.E.2d 1101.

{¶5} However, I have also held that a unique combination of factors arising from a pending disciplinary matter can be sufficient to create an appearance of impropriety that mandates a judge's disqualification. See *Maschari* at 1213, 723 N.E.2d 1101; *In re Disqualification of O'Neill*, 100 Ohio St.3d 1226, 2002-Ohio-7476, 798 N.E.2d 12. As was the case in *Maschari* and *O'Neill*, supra, I find the existence of unique factors that merit Judge O'Neill's disqualification to avoid an appearance of impropriety.

{¶6} The affiant in *Maschari* was a potential adverse witness in a disciplinary proceeding pending against the judge. The affiant in *O'Neill* is a potential witness and is alleged to have written a letter regarding the alleged instance of misconduct by Judge O'Neill that he witnessed. Id. at ¶ 5.

{¶7} In the case now before me, this affiant's involvement in the disciplinary matter pending against the judge is even more pervasive. Not only was the affiant a witness to alleged misconduct, but the affiant suggests that her own allegations are part of the disciplinary complaint. Further, Judge O'Neill's formal response to the disciplinary complaint makes specific, derogatory accusations against affiant, including that affiant deliberately attempted to mislead Judge O'Neill in a proceeding that is part of the disciplinary complaint. Judge O'Neill was disqualified in *O'Neill*, supra, in part because the affiant in that matter would "likely be the subject of vigorous cross-examination by Judge O'Neill's counsel" in the disciplinary proceedings. Id. at ¶ 5. In the case now before me, because of the affiant's direct involvement in an instance of alleged

misconduct, it is even more likely that this affiant will be a witness adverse to Judge O'Neill and will be vigorously cross-examined by Judge O'Neill's counsel.

**{¶8}** Moreover, Judge O'Neill has characterized the complaints against her as politically motivated and been publicly critical of individuals involved in the disciplinary proceeding. Based on the totality of these factors, I conclude that it is necessary to disqualify Judge O'Neill from cases in which affiant is counsel of record, at least for the duration of the pending disciplinary proceedings, to avoid the appearance of impropriety.

**{¶9}** For these reasons, Judge Deborah P. O'Neill is disqualified from the above-cited matters and all future cases in which affiant is counsel of record. The disqualification order shall remain in effect during the pendency of the disciplinary proceedings against Judge O'Neill.

**{¶10}** In *O'Neill*, supra, I cautioned that the applicability of that disqualification order was subject to review if necessary to prevent abuse. Id. at ¶ 7. I requested that the assignment of cases by the Franklin County Public Defender be monitored to minimize disruption to the orderly operation of Judge O'Neill's court. Judge O'Neill's communications with this court suggest that stronger measures need to be taken by the Franklin County Public Defender, assistant public defenders, and this affiant to prevent inconvenience to parties and others involved in proceedings before Judge O'Neill.

_____