Opinion in Chambers, per Moyer, C.J.

**IN RE DISQUALIFICATION OF O'NEILL.**

**MAJOR BUILDERS SERVICE, INC. *v*. SENTRY DEVELOPMENT CORPORATION ET AL.**

[Cite as *In re Disqualification of O'Neill*, 100 Ohio St.3d 1230, 2002-Ohio-7478.]

*Judges — Affidavit of disqualification — Judge will not be disqualified based solely on fact that lawyer in a pending case may be a witness in disciplinary proceedings brought against the judge — Vague and unsubstantiated allegations are insufficient to support a finding of bias or prejudice.*

(No. 02-AP-089 — Decided September 30, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Common Pleas Court case No. 01CVH076453.

————————————

**MOYER, C.J.**

**{¶1}** This affidavit of disqualification was filed by Charles H. Cooper Jr., counsel for the defendants, seeking the disqualification of Judge Deborah P. O'Neill from the above-captioned case and all other cases in which affiant's firm is counsel.

**{¶2}** As the basis for seeking Judge O'Neill's disqualification, affiant states that Sheila P. Vitale served as Judge O'Neill's staff attorney from July 1999 to May 2002, until Vitale became the third lawyer in affiant's firm. Affiant states that in June 2002, the Office of Disciplinary Counsel filed a disciplinary

complaint against Judge O'Neill, alleging various acts of misconduct. Affiant claims that Vitale has provided, and continues to provide, testimony to the Disciplinary Counsel that is "adverse" to Judge O'Neill. For this reason, affiant asserts that Judge O'Neill should be disqualified to avoid the appearance of impropriety and to ensure the confidence of the parties and the public in the fairness and integrity of judicial proceedings.

{¶3} In her response to this affidavit of disqualification, Judge O'Neill states that she cannot confirm the accuracy of the claim that her former staff attorney has provided testimony to the Disciplinary Counsel. Judge O'Neill states that, to her knowledge, she had a positive relationship with her former staff attorney and does not indicate that their parting was anything other than amicable.

{¶4} I have held that a judge will not be disqualified from a pending matter based solely on the fact that a lawyer in the matter has filed a disciplinary complaint against the judge. *In re Disqualification of Kilpatrick* (1989), 47 Ohio St.3d 605, 546 N.E.2d 929. I have also held that a judge will not be disqualified based solely on the fact that a lawyer in a pending case may be a witness in disciplinary proceedings brought against the judge. See *In re Disqualification of Maschari* (1999), 88 Ohio St.3d 1212, 723 N.E.2d 1101; *In re Disqualification of O'Neill*, 100 Ohio St.3d 1226, 2002-Ohio-7476, 798 N.E.2d 12.

{¶5} In the instant case, the affiant has neither filed a disciplinary complaint against Judge O'Neill, nor is he a witness in the disciplinary proceeding pending against Judge O'Neill. This affiant's only relationship to Judge O'Neill is that one of the lawyers in his firm formerly worked for Judge O'Neill, and the former employee is alleged to have provided testimony adverse to Judge O'Neill in a pending disciplinary matter. There is nothing in the record before me to support this claim: affiant did not include a statement or affidavit from Vitale, or any other evidence to corroborate his allegation. The record has

only his assertion that his employee provided testimony that is adverse to Judge O'Neill.

{¶6} Further, affiant has not cited any instance where Judge O'Neill has shown bias or prejudice against anyone who is involved in or has provided testimony in the pending disciplinary proceeding. Affiant has not suggested that Judge O'Neill will make decisions adverse to affiant or his clients because affiant is counsel. Affiant has not suggested how Judge O'Neill's participation in this case creates an appearance of impropriety or how the public's confidence in the judicial system is undermined by her participation.

{¶7} Vague and unsubstantiated allegations are insufficient to support a finding of bias or prejudice. *In re Disqualification of Walker* (1988), 36 Ohio St.3d 606, 522 N.E.2d 460. The disqualification of a judge is an extraordinary remedy. *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461. A judge is presumed to follow the law and is presumed not to be biased. The appearance of bias or prejudice must be compelling to overcome these presumptions. *In re Disqualification of Olivito* (1994), 74 Ohio St.3d 1261, 657 N.E.2d 1361. There is nothing in the record before me that supports a claim of bias or prejudice or that requires the disqualification of Judge O'Neill to avoid the appearance of impropriety or to ensure confidence in the fairness and integrity of judicial proceedings.

{¶8} For these reasons, the affidavit of disqualification is found not well taken and is denied. Judge O'Neill may continue to participate in the underlying case, and in any case in which affiant or his firm is counsel.