Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF O'NEILL.

THE STATE OF OHIO *v*. BROWN.

[Cite as *In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-
7479.]

*Judges — Affidavit of disqualification — Allegations of bias or prejudice not
sufficient to warrant disqualification of judge from three-judge death-
penalty panel, when.*

(No. 02-AP-093 — Decided October 3, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Common Pleas Court
case No. 01CR6693.

————————————

**MOYER, C.J.**

**{¶1}** This affidavit of disqualification was filed by Douglas P. Stead,
seeking the disqualification of Judge Deborah P. O'Neill from participating in the
above-captioned case.

**{¶2}** The underlying case is a death penalty case and affiant is one of
two assistant Franklin County prosecutors assigned to the case. Defendant Gerald
L. Brown has waived his right to a jury trial and will be tried before a three-judge
panel; Judge O'Neill was randomly chosen as one of the three. The other two
judges are Judge David Cain, presiding judge, and Judge Patrick McGrath.

**{¶3}** Affiant makes two arguments in support of his claim that Judge
O'Neill should be disqualified. First, affiant states that in 1993, he "made her
aware" of conduct that led to disciplinary charges against her, and that she told
affiant "to never appear in her courtroom again." Affiant states that since 1993,

he has removed himself from any case assigned to Judge O'Neill, and that he was a "key witness" in the 1996 disciplinary proceeding against Judge O'Neill. *Disciplinary Counsel v. O'Neill* (1996), 76 Ohio St.3d 1425, 667 N.E.2d 27 (hereafter "the 1996 disciplinary proceeding"). Affiant claims that the state will be prejudiced if he removes himself from the underlying case because there is insufficient time for him to be replaced by another assistant prosecutor, or if Judge O'Neill is on the panel that hears the case.

{¶4} Affiant's second argument in support of his request for disqualification concerns a now-pending disciplinary proceeding against Judge O'Neill, *In re Complaint Against O'Neill* (2002), case No. 02-34, Board of Commissioners on Grievances and Discipline (hereafter "the 2002 disciplinary proceeding"). Affiant's argument is that in connection with that proceeding, Judge O'Neill has made statements about other judges, particularly Judge Cain, which create "an appearance of impropriety that cannot be overcome and which prejudices the state." Affiant refers to statements by Judge O'Neill in her formal response to the disciplinary complaint, including:

{¶5} " 'The Complaint is a compilation of grievances solicited and asserted by Judges * * * Patrick M. McGrath, David Cain. * * *' " (Judge Deborah P. O'Neill's Response to Disciplinary Counsel's Complaint, July 8, 2002, hereafter "Response" at 3, ¶ 1.)

{¶6} " 'The unfortunate lack of collegiality felt by Judge Cain who is the chief author of the allegations and the incumbent who apparently has not forgotten his defeat by Judge O'Neill in the 1992 election is reflected in the facts pertinent to these allegations.' " (Summary Response at 101.)

{¶7} " 'While this event, like others raised in the Complaint, does not involve any issue of judicial ethics as it relates to Judge O'Neill, it does reflect that hostility from Judge Cain that has poisoned the atmosphere in which Judge O'Neill has been required to perform her judicial duties, divided the Court and

engendered the allegations currently before this Board.' " (Summary Response at 137.)

{¶8} " 'It is well known among Courthouse circle [sic] the animosity Judge Cain harbors against Judge O'Neill. * * * Since 1992, Judge Cain has filed a number of groundless disciplinary grievances against Judge O'Neill all of which have been dismissed.' " (Response at 202, ¶ 472.)

{¶9} In her response to this affidavit of disqualification, Judge O'Neill claims that affiant was not a "key" witness in the 1996 disciplinary proceeding but merely one of many. She states that it has been affiant's voluntary decision since 1993 not to appear before her, and claims that she has tried to "open the lines of communication" with affiant over the years but that her overtures have been rejected.

{¶10} Second, Judge O'Neill claims that she discussed this matter with the Franklin County Prosecutor Ron O'Brien and Franklin County Common Pleas Court Administrative Judge Michael Watson and that neither has asked her to recuse. She states that neither of the other two judges who will sit on the three-judge panel in the underlying case, Judges Cain and McGrath, has expressed to her any reservations about her serving on the panel.

{¶11} Judge O'Neill states that affiant is not involved in any way in the pending disciplinary complaint and that the 1996 disciplinary proceeding in which affiant was a witness resulted in the dismissal of all charges. Judge O'Neill claims that the Disciplinary Counsel and Special Counsel who prosecuted the 1996 disciplinary proceeding against her and are now in the private practice of law have since practiced before her and neither has sought her recusal or disqualification. She views affiant's concerns as his own "personal animosity" and not an issue for the prosecutor's office or the victim's family, and argues that affiant has not shown sufficient cause to overcome the presumption that a judge will act fairly and impartially.

**{¶12}** I have thoroughly reviewed the record before me and I am familiar with the complaint and Judge O'Neill's response in the pending disciplinary proceedings. Even if it is assumed that affiant has a legitimate reason for personally not wanting to appear before Judge O'Neill, a replacement prosecutor could be assigned, instead of disqualifying an elected, randomly assigned judge. There is a second prosecutor assigned to this case and affiant does not claim that the second prosecutor is incapable of trying the case, or that the prosecutor's office does not have someone who can replace affiant. The prosecutor's office has not claimed that Judge O'Neill's participation will prejudice the state or create an appearance of impropriety; only affiant, who is one of many assistant prosecutors and one of two who will try the underlying case, makes this claim.

**{¶13}** If this affidavit of disqualification is denied, Judge O'Neill will be only one of three judges who hear the case, and she will not be the presiding judge. It is noted that the 1996 disciplinary complaint was dismissed by a five-judge panel at the conclusion of the relator's case. Affiant has not suggested that Judge O'Neill will make decisions adverse to the state because affiant is counsel. Affiant has not even suggested that Judge O'Neill will be hostile to him personally.

**{¶14}** The term "bias or prejudice" "implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469, 58 O.O. 315, 132 N.E.2d 191. In his affidavit, the affiant has made no claim that Judge O'Neill has a "fixed anticipatory judgment" or that Judge O'Neill does not have "an open state of mind which will be governed by the law and the facts" that will prejudice the state in the underlying case.

**{¶15}** The disqualification of a judge is an extraordinary remedy. *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461. A judge is presumed to follow the law and is presumed not to be biased:

**{¶16}** " 'Bias or prejudice on the part of a judge will not be presumed. In fact, the law presumes that a judge is unbiased and unprejudiced in the matters over which he presides, and bias or prejudice must be strong enough to overcome the presumption of his integrity.' " 48 A Corpus Juris Secundum (1981) 731, Judges, Section 108, quoted in *State v. Baker* (1984), 25 Ohio Misc.2d 11, 12, 25 OBR 232, 495 N.E.2d 976.

**{¶17}** The appearance of bias or prejudice must be compelling to overcome these presumptions. *In re Disqualification of Olivito* (1994), 74 Ohio St.3d 1261, 657 N.E.2d 1361. There is no evidence in the record before me to suggest that either the 1996 disciplinary proceeding or the 2002 disciplinary proceeding "has affected or would affect the conduct" of Judge O'Neill in the underlying case. *In re Disqualification of Kilpatrick* (1989), 47 Ohio St.3d 605, 606, 546 N.E.2d 929.

**{¶18}** I have held that a unique combination of factors, particularly those arising from a pending disciplinary matter, can be sufficient to create an appearance of impropriety that mandates a judge's disqualification. See *In re Disqualification of Maschari* (1999), 88 Ohio St.3d 1212, 723 N.E.2d 1101; *In re Disqualification of O'Neill*, 100 Ohio St.3d 1226, 2002-Ohio-7476, 798 N.E.2d 12; *In re Disqualification of O'Neill*, 100 Ohio St.3d 1228, 2002-Ohio-7477, 798 N.E.2d 13. However, on the record before me, I do not find that the allegations of bias or prejudice are sufficient to warrant disqualification of Judge O'Neill, nor do I find that Judge O'Neill's participation in the underlying case creates an appearance of impropriety.

**{¶19}** For these reasons, the affidavit of disqualification is found not well taken and is denied.  Judge O'Neill may continue to participate in the underlying case.

_____