IN RE DISQUALIFICATION OF REPP.

STATE *v.* KAMINSKI.

[Cite as *In re Disqualification of Repp*, 144
Ohio St.3d 1263, 2015-Ohio-5611.]

(No. 15–AP–063—Decided August 4, 2015.)

O'CONNOR, C.J.

{¶ 1} John Kahler II, counsel for defendant, has filed an affidavit with the clerk of this court under R.C. 2701.031, seeking to disqualify Judge Mark E. Repp from presiding over any further proceedings in the above-captioned case, now pending for trial on charges of domestic violence, resisting arrest, and domestic menacing.

{¶ 2} Kahler asserts that Judge Repp presided over an improper ex parte hearing and made a biased comment at defendant's arraignment. Therefore, Kahler asserts, an appearance of impropriety exists if Judge Repp presides over trial.

{¶ 3} Judge Repp has responded in writing to the affidavit, denying any bias in this case.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Repp.

{¶ 5} Although an ex parte communication may create an appearance of impropriety and therefore may be grounds for disqualification, *see In re Disqualification of Sheward*, 134 Ohio St.3d 1226, 2012-Ohio-6289, 982 N.E.2d 717, Kahler has not clearly established that Judge Repp held an improper ex parte hearing. According to the record, defendant's wife, the alleged victim of the charged offense, sent Judge Repp a letter requesting that he lift the order prohibiting defendant from having contact with her. Judge Repp scheduled a hearing on her request, but the clerk of courts sent notice of the hearing to defendant rather than Kahler, who had previously entered a notice of appearance as counsel of record. Neither defendant nor Kahler appeared for the scheduled hearing, during which Judge Repp read the alleged victim's letter for the record and engaged in a colloquy with her about defendant's criminal history. Judge Repp then denied the alleged victim's request. Kahler claims that Judge Repp acted inappropriately by failing to provide defendant with a copy of the alleged

victim's letter and by engaging in an ex parte hearing. But according to Judge Repp, the clerk's office sent notice to defendant and at the time of the hearing, the judge was not aware that Kahler had entered an appearance. Kahler's affidavit of disqualification does not otherwise explain why defendant did not attend the hearing or whether defendant informed Kahler of the hearing.

{¶ 6} Based on this record, no appearance of impropriety exists. The better practice would have been for Judge Repp to promptly notify the parties of his receipt of the letter, immediately provide them copies, and ensure that notice of the hearing was sent to counsel of record. *See In re Disqualification of Pontious,* 94 Ohio St.3d 1235, 1237, 763 N.E.2d 603 (2001) (the "better practice" in situations when the judge receives ex parte letters is to "promptly notify the parties of the receipt of the letters and immediately provide them with copies"); Jud.Cond.R. 2.9(B) (requiring a judge who receives an unauthorized ex parte communication to promptly notify the parties of the substance of the communication and provide the parties with an opportunity to respond). However, under the facts here, no reasonable and objective person would question Judge Repp's impartiality merely because he decided to proceed with the scheduled hearing.

{¶ 7} Additionally, Kahler alleges that at defendant's arraignment, the judge stated the following to an individual who helped defendant post bond: "I don't know why you're doing this. Good luck." The judge's comment, Kahler argues, shows that the judge has already determined defendant's guilt. For his part, Judge Repp did not address, and therefore did not deny, making this comment.

{¶ 8} If Judge Repp made the comment, it was unnecessary and ill-advised. The Code of Judicial Conduct directs that judges should be "patient, dignified, and courteous" to litigants and others in their courtrooms and should refrain from using words that might manifest bias or prejudice. *See* Jud.Cond.R. 2.8(B) and 2.3(B). Nonetheless, the disqualification of a judge is an extraordinary remedy, and this comment alone is insufficient to remove Judge Repp for bias. *See In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14–15 (explaining that a showing of bias or prejudice requires a " 'hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts' "), quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956).

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Repp.