IN RE DISQUALIFICATION OF HUFFMAN.

STATE *v*. PATTERSON.

[Cite as *In re Disqualification of Huffman*, ___ Ohio St.3d ___,

2015-Ohio-3926.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to demonstrate bias or prejudice—Disqualification denied.*

(No. 15-AP-037—Decided May 5, 2015.)

ON AFFIDAVIT OF DISQUALIFICATION in Montgomery County Court of Common Pleas Case No. 2010-CR-812/1.

_____

**O'CONNOR, C.J.**

{¶ 1} Defendant Troy Patterson has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Mary Katherine Huffman from presiding over any further proceedings in the above-captioned case, now pending on Patterson's motion for leave to file a new-trial motion.

{¶ 2} Patterson asserts that Judge Huffman testified against him in a fee-dispute arbitration hearing and therefore an appearance of impropriety exists if she decides his pending posttrial motion. Additionally, Patterson avers that Judge Huffman demonstrated bias and prejudice against him during the underlying case. Judge Huffman has responded in writing to the affidavit, denying any bias against Patterson and vowing to decide the pending motion based on the law. For the following reasons, no basis has been established to order the disqualification of Judge Huffman.

{¶ 3} Patterson first avers that in a fee dispute with his former counsel, Judge Huffman was a witness against him and testified that his lawyer was competent. Patterson claims that because the judge testified against him, an

appearance of impropriety would exist if she were to now decide his pending motion for leave. Patterson has not indicated, however, that the issues raised in his pending motion are in any way related to the judge's testimony at the fee-dispute hearing. For her part, Judge Huffman acknowledges that she testified at the fee-dispute hearing, which was held at the office of the local bar association. Judge Huffman further explains that she was subpoenaed to testify, she did not appear on behalf of or against either party, she had no interest in the outcome, her entire testimony lasted about ten minutes, and her testimony was limited to issues surrounding the number of court hearings in the underlying case and the amount of time Patterson's former counsel had spent in court. The judge expressly denies that she testified about the quality of representation provided by Patterson's former counsel. On this record, no reasonable and objective observer would question Judge Huffman's impartiality merely because she was subpoenaed to testify about limited issues in a fee-dispute hearing conducted by a local bar association. *See In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge based on an appearance of impropriety).

{¶ 4} Patterson next claims that the judge was agitated with him during the case and asked a witness improper leading questions at the hearing on Patterson's motion to withdraw his plea. To support his claim, Patterson submitted a transcript of the hearing. Nothing in the transcript, however, demonstrates that the judge has hostility toward Patterson or a fixed anticipatory judgment that would warrant her disqualification. *See In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14 (setting forth the meaning of "bias or prejudice" in the context of disqualification requests).

{¶ 5} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Huffman.

―――――――――――――――――