IN RE DISQUALIFICATION OF STARN.

THE CITY OF FINDLAY *v.* DEVORE.

[Cite as *In re Disqualification of Starn,* 145 Ohio St.3d 1224, 2015-Ohio-5675.]

(No. 15–AP–092—Decided November 16, 2015.)

O'CONNOR, C.J.

{¶ 1} Kelton K. Smith, attorney for defendant, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Jonathan P. Starn from the above-captioned case and all other cases in which Smith appears as counsel or as a party in the Findlay Municipal Court.

{¶ 2} In September 2015, the director of court services for the Findlay Municipal Court sent Smith a letter admonishing him for allegedly inappropriate comments in public areas of the court and the clerk's office. The letter was sent at the direction of Judge Starn and Judge Robert Fry—the two judges of the

Findlay Municipal Court—and the letter stated that in determining how to address Smith's conduct, the Board of Professional Conduct had been contacted.

{¶ 3} In his affidavit of disqualification, Smith claims that his comments at the courthouse were made as a "private citizen to another private citizen" and were not related to his conduct as an attorney. According to Smith, his comments constituted protected speech under the First Amendment to the United States Constitution, the letter cast a "chilling effect" on his freedom of speech, and the judges were attempting to censor him. And the fact that the judges reported his conduct to the board, Smith avers, indicates that they are "unreasonably and unconscionably prejudiced against [him]."

{¶ 4} Judge Starn has responded in writing to the affidavit, denying any bias or prejudice against Smith. Judge Starn explains that after he and Judge Fry learned about Smith's comments in the public areas of the court, they consulted legal counsel and determined that the most appropriate way to address the conduct was through the letter. The letter was an attempt, according to Judge Starn, to meet the judges' obligations to ensure a safe and appropriate environment for court staff and the public.

{¶ 5} Contrary to Smith's contention, whether his conduct warranted admonition—or whether the court director's letter was an appropriate response to his conduct—are not issues to be decided in a judicial-disqualification request. R.C. 2701.03 addresses the narrow issue of possible bias or prejudice of a judge, and "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956).

{¶ 6} Nothing about the letter suggests that Judge Starn has hostility toward Smith combined with a fixed anticipatory judgment in the underlying case (or in any of Smith's cases). Indeed, Judge Starn avers that the letter was an informal attempt to address the reports of Smith's allegedly inappropriate comments, and nothing in the record suggests that Judge Starn was motivated by anything other than what he considered were his obligations to court staff and the public. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 7} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Starn.