IN RE DISQUALIFICATION OF GHIZ.

THE STATE OF OHIO v. WARD.

2016-Ohio-8586.]

(No. 16–AP–059—Decided July 18, 2016.)

O'CONNOR, C.J.

{¶ 1} William Gallagher, counsel for defendant, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Leslie Ghiz from presiding over any further proceedings in the above-captioned criminal case.

{¶ 2} Gallagher requests Judge Ghiz's removal because of comments that the judge made on a local radio show regarding an unrelated case, *State v. Hamberg*. In *Hamberg*, the defendant was indicted for aggravated murder, felonious assault, and other crimes for the death of a 14–month–old child, but the defendant ultimately entered a guilty plea to involuntary manslaughter in exchange for dismissal of the other charges. Judge Ghiz imposed the maximum sentence on the defendant. The day after the sentencing hearing—but before the judgment of conviction was journalized—Judge Ghiz appeared on a local radio show and discussed the *Hamberg* case. The First District Court of Appeals later found that based on Judge Ghiz's remarks on the radio program and at the sentencing hearing, the defendant had proved that Judge Ghiz was biased against him and that she had abused her discretion in failing to give due consideration to the statutory sentencing factors. For example, the First District found that Judge Ghiz's comments indicated that she had a predisposition against giving any mitigating credit for a defendant who admitted to killing a child. *See State v. Hamberg*, 2015-Ohio-5074, 53 N.E.3d 918 (1st Dist.).

{¶ 3} In his disqualification request, Gallagher claims that Judge Ghiz's comments regarding the *Hamberg* case demonstrate a "predisposed bias against defendants who have been accused of hurting a child and a refusal to consider mitigating factors when a child has been hurt." Because Gallagher's client is charged with assaulting an 18–month–old child, Gallagher requests Judge Ghiz's disqualification in the underlying matter to avoid any appearance of impropriety.

{¶ 4} Judge Ghiz has responded in writing to the affidavit, describing her response to the court of appeals' decision in *Hamberg* and concluding that she can be fair and impartial in the underlying matter.

{¶ 5} In deciding disqualification requests, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Further, Jud.Cond.R. 2.11(A)(5) requires a judge to disqualify herself in any proceeding in which the judge's impartiality might reasonably be questioned, including when the judge "has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy."

{¶ 6} Here, the record reveals that in April 2014, Judge Ghiz made public comments on a radio program regarding an unrelated case involving a child victim. A court of appeals found that her comments demonstrated a predisposition in her sentencing decision and reversed for a new sentencing hearing. Upon remand, Judge Ghiz appropriately recused herself from the matter. In her response to Gallagher's affidavit of disqualification, Judge Ghiz states that she took the First District's *Hamberg* decision seriously and that since then, she has appropriately considered the decision and weighed all factors in sentencing. Judge Ghiz further states that she has had many child-victim cases since the *Hamberg* matter without any attorney requesting her recusal and that she decides each case based on its own set of facts.

{¶ 7} Given Judge Ghiz's assurances that she has considered the First District's *Hamberg* decision and now weighs all statutory sentencing factors, there is insufficient evidence to overcome her presumption of impartiality. In other words, given Judge Ghiz's affirmation in her response to Gallagher's affidavit of disqualification, there is insufficient proof to conclude that her radio-show comments from over two years ago have committed her to a particular result in this case.

{¶ 8} Further, Gallagher has not proved that Judge Ghiz has taken any action in the underlying case that would disturb her presumption of impartiality. For example, Gallagher avers that at an initial conference in the case, Judge Ghiz put her head in her hands and said, "Oh God," when she first heard the details of the alleged crime against the child. But Judge Ghiz and an assistant prosecutor—who was present for the conference and who also submitted an affidavit—deny that Judge Ghiz reacted in that manner. "Typically, such conflicting evidence is insufficient to overcome the presumption of a judge's impartiality." *In re Disqualification of Burge*, 136 Ohio St.3d 1205, 2013-Ohio-2726, 991 N.E.2d 237, ¶ 5; *see also In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-

7354, 826 N.E.2d 302, ¶ 8 ("In the wake of the conflicting stories presented by the various affiants, however, I cannot conclude that the judge is clearly biased and prejudiced").

{¶ 9} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Ghiz.