O'Connor, C.J.
*1265 {¶ 1} William Paul Bringman, former counsel for the trustee, has filed an affidavit with the clerk of this court under R.C. 2101.39 and 2701.03 seeking to disqualify Judge Jennifer L. Springer from presiding over any further proceedings in the above-referenced case in the Knox County Court of Common Pleas, Probate Division.
{¶ 2} Mr. Bringman claims that Judge Springer has demonstrated a biased attitude toward him. He asserts that the judge refused to approve his application for attorney fees and that he therefore filed a complaint in the Fifth District *1266 Court of Appeals for a writ of procedendo against her. In response to the complaint, Judge Springer scheduled a hearing on Mr. Bringman's fee application, but he questions the necessity of the hearing considering that the court had approved his prior applications without holding such a hearing. Mr. Bringman also claims that Judge Springer does not speak to or acknowledge him when they see each other.
{¶ 3} Judge Springer has responded with her own affidavit. According to the judge, she did not immediately approve Mr. Bringman's application-as the court had done in the past-because she wanted more information about his requested fees. She further avers that she does not personally know Mr. Bringman, and she denies having any bias against him.
{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Based on this record, Mr. Bringman has not established that Judge Springer has hostility toward him combined with a fixed anticipatory judgment *285 on his pending fee application. The fact that the judge did not immediately approve his application as she had in previous years or that she scheduled the matter for a hearing does not prove that she is biased against him. The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in the case.
{¶ 5} The affidavit of disqualification is denied. The case may proceed before Judge Springer.