O'Connor, C.J.
*1322 {¶ 1} Defendant Morris Perry Sr. has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Maureen A. Sweeney from presiding over any further proceedings in the above-referenced case. This is the second affidavit of disqualification that Mr. Perry has filed against Judge Sweeney in this matter. His first affidavit was denied in an entry dated February 27, 2019.
{¶ 2} Mr. Perry asserts that Judge Sweeney's various entries in the underlying case demonstrate her intent to "send him to prison." For example, Mr. Perry points to the judge's October 30, 2018 entry indicating that he had waived the reading of the indictment and entered a plea of not guilty. Mr. Perry claims that because he is legally deaf, he did not hear anything that Judge Sweeney had said to him and therefore could not have waived any rights or entered a plea. Mr. Perry also points to some of the judge's pretrial entries, which indicate that "[a]ll parties were present" at the pretrial hearing. Mr. Perry asserts that other than the October 30, 2018 hearing, he has not been present in the courtroom for any pretrial hearings-although he appears to acknowledge that his court-appointed attorney attended pretrials and filed documents on his behalf.
{¶ 3} Judge Sweeney has responded in writing to the affidavit. She states that Mr. Perry has not yet filed a motion asserting the allegation that he is legally deaf. Therefore, the judge explains, she is "unable to make any accommodations that may or may not be necessary." Judge Sweeney did not address Mr. Perry's allegation that some of her entries indicated that "[a]ll parties were present" although only counsel had attended the hearing.
{¶ 4} "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the *492 formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Mr. Perry has not established that Judge Sweeney has hostility toward him or a fixed anticipatory judgment on any issue in the underlying case. Whether Mr. Perry requires an accommodation for a disability must be resolved in the trial court-not in an affidavit-of-disqualification proceeding. Further, even if Mr. Perry has demonstrated errors in Judge *1323 Sweeney's pretrial entries, he has not established that those errors were the product of any bias against him.
{¶ 5} The affidavit of disqualification is denied.