IN RE DISQUALIFICATION OF MILLARD.

AMERITRUST COMPANY, N.A. *v.* O'BRIEN.

[Cite as *In re Disqualification of Millard* (1992), 74 Ohio St.3d 1235.]

(Nos. 92–AP–009—Decided February 25, 1992.)

MOYER, C.J. The affidavit of disqualification herein was filed by Charles William O'Brien seeking the disqualification of Judge William L. Millard from further proceedings in the above-captioned case.

The affidavit was filed on January 16, 1992, and states in paragraph three that a hearing in the case was scheduled for January 17, 1992.

R.C. 2701.03 requires that an affidavit of disqualification be filed at least three days before the scheduled hearing. On its face, the affidavit indicates that it was not timely filed. Nevertheless, the merits of the affidavit will be addressed.

The substance of the affidavit is that Judge Millard "has refused to grant a reasonable continuance for such hearing" scheduled for January 17, 1992. The granting of a continuance is within a judge's discretion and the denial of a continuance is not by itself evidence of bias or prejudice. *In re Disqualification of Spahr* (1987), 36 Ohio St.3d 603, 522 N.E.2d 457. Further, the record now before me indicates that on January 16, 1992, Judge Millard *sustained* affiant's request and continued the hearing.

Finally, on February 7, 1992, affiant telefaxed to this court a Notice of Withdrawal withdrawing the affidavit, rendering the issue of disqualification moot. This suggests that affiant did not have, or at least no longer has, a good-faith belief that the trial judge was biased or prejudiced.

For these reasons, the affidavit of disqualification is found not well taken and is hereby denied.

It is observed that affiant Charles William O'Brien has filed thirteen affidavits of disqualification since 1989 in six cases against four different judges of the Franklin County Court of Common Pleas and a visiting judge. This is at least the second affidavit of disqualification in this same case against this same judge.

None of the affidavits was sustained, and in three instances affiant filed motions for reconsideration of the denial of the affidavit.

The filing of an affidavit of disqualification results in a stay of proceedings until the matter is ruled upon by the Chief Justice. In nearly all of the thirteen affidavits filed by affiant, at least one scheduled hearing in each case was postponed pending disposition of the affidavit. In the most recent case, the hearing, continued at affiant's request to February 7, 1992, was again postponed because of the filing of this affidavit of disqualification.

These repeated filings, often coming close to a scheduled hearing date, have caused judges and attorneys to abruptly adjust their schedules, with significant delay in the administration of justice, and unnecessary additional expense to the courts, the parties, and counsel.

It is apparent to me that this latest affidavit of disqualification was filed solely for delay and not out of a genuine belief that the trial judge was biased or prejudiced. This affiant has been cautioned twice by this court that an abuse of this process could result in sanctions against him.

"Affiant is strongly cautioned that the filing of frivolous and repeated affidavits of disqualification could result in the imposition of sanctions against him." *In re Disqualification of Close: Charles William O'Brien et al. v. Charles H. Egelhoff et al.* (Mar. 7, 1991), No. 91–AP–043, unreported.

"The statutory right to seek disqualification of a judge is an extraordinary remedy not to be invoked in a frivolous manner. Affiant is reminded that the filing of repeated affidavits of disqualification can result in the imposition of appropriate sanctions." (Citations omitted.) *In re Disqualification of Cox: Bank One, Columbus, N.A. v. Charles William O'Brien et al.* (Dec. 13, 1991), No. 91–AP–125, unreported.

These admonitions have been ignored and, indeed, flouted. Therefore, it is hereby ordered that opposing counsel shall have fourteen days from the date of this entry to file a motion for contempt against Charles William O'Brien, which may include a request for sanctions, attorney fees, and expenses incurred by opposing counsel relative to the filing of this latest affidavit of disqualification. If a motion is filed, affiant shall have fourteen days from the date of filing to file his response, if any.