[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 1233.]

IN RE DISQUALIFICATION OF JACKSON.

KISTLER *v.* KISTLER

[Cite as *In re Disqualification of Jackson*, 1998-Ohio-484.]

*Judges—Affidavit of disqualification—Statutory right to seek disqualification of a judge is an extraordinary remedy not to be invoked in a frivolous manner— Filing of repeated affidavits of disqualification can result in the imposition of appropriate sanctions.*

(No. 98-AP-147—Decided December 29, 1998.)

ON AFFIDAVIT OF DISQUALIFICATION in Fairfield County Court of Common Pleas, Domestic Relations Division case No. 96-DR-136.

————————————

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by defendant Victor Nial Kistler seeks the disqualification of Judge S. Farrell Jackson from further proceedings regarding the above-captioned case.

{¶ 2} I note that this is the third affidavit of disqualification filed by affiant in this case since March 1998. The two previous affidavits (98-AP-039 and 98-AP-128) were found not well taken and were denied. In addition, affiant filed a motion for reconsideration in 98-AP-128, which was overruled, and has submitted numerous letters relative to his claim of bias and prejudice against Judge Jackson.

{¶ 3} In his most recent filing, affiant alleges "[n]ew serious abuses by the Judge" and attaches two letters in support of his claim. Affiant's allegations are nothing more than a restatement of the claims made in his prior affidavits and numerous communications with this court, all of which relate to legal rulings made by Judge Jackson and the quality of legal representation received by affiant. As stated in previous rulings, these allegations do not support a finding of bias,

prejudice, or other disqualifying interest. Accordingly, this affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Jackson.

{¶ 4} Affiant is reminded that "[t]he statutory right to seek disqualification of a judge is an extraordinary remedy not to be invoked in a frivolous manner [and] * * * the filing of repeated affidavits of disqualification can result in the imposition of appropriate sanctions." (Citations omitted.) See *In re Disqualification of Millard* (1992), 74 Ohio St.3d 1235, 1236, 657 N.E.2d 1343, 1344. While affiant legitimately may question the legal rulings made by Judge Jackson in the underlying case, the appropriate forum to raise this question is appellate review and not the filing of repeated affidavits of disqualification and other communications with the Supreme Court. Affiant may be liable for sanctions should he file another affidavit of disqualification that raises issues more appropriately addressed in another forum.

––––––––––––––––––