IN RE DISQUALIFICATION OF BROWNE.

CATUDAL *v.* CATUDAL.

**[Cite as *In re Disqualification of Browne,* 136 Ohio St.3d 1279, 2013-Ohio-4468.]**

*Judges—Affidavit of disqualification—R.C. 2701.03—Vexatious-litigator declaration and restricting e-filing rights—Remedy lies on appeal, not through the filing of an affidavit of disqualification.*

(No. 13-AP-087—Decided September 11, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas, Domestic Relations Division, Case No. 10 DR 004934.

————————————

**O'CONNOR, C.J.**

**{¶ 1}** The plaintiff in the underlying case, Chance Catudal, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Kim A. Browne from presiding over any further proceedings in case No. 10 DR 004934, now pending in the Domestic Relations Division of the Court of Common Pleas of Franklin County.

**{¶ 2}** Catudal claims that Judge Browne has demonstrated bias against him by declaring him a vexatious litigator, stating that such a declaration "should've happened a long time ago," and restricting his e-filing account with the Franklin County Clerk of Courts. Catudal further alleges that Judge Browne's counsel made a false statement in a motion filed in a related mandamus case brought by Catudal against the judge.

**{¶ 3}** For the following reasons, no basis has been established to order the disqualification of Judge Browne.

**{¶ 4}**  First, neither Judge Browne's order declaring Catudal a vexatious litigator nor her restriction of his e-filing rights are grounds for disqualification.  It is well established that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, does not constitute bias or prejudice.  *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4.  Therefore, Catudal's dissatisfaction with Judge Browne's order or the manner in which she restricted his e-filing account does not demonstrate bias against him.  Moreover, the court's e-filing policy plainly states that "[i]ndividuals who have been deemed vexatious litigators pursuant to R.C. 2323.52 will not be permitted to file documents electronically." *In re Electronic Filing of Court Documents*, Fourth Amended Administrative Order (June 25, 2013), at 12, available at http://www.franklincountyohio.gov/clerk/e-file.cfm  The remedy for Catudal's claims here, if any, lies on appeal, not through the filing of an affidavit of disqualification.  *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

**{¶ 5}**  Second, Judge Browne's comment that Catudal should have been declared a vexatious litigator "a long time ago" does not establish bias or prejudice.  "The term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will * * * toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge.' " *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956).  Judge Browne made this comment after the defendant presented evidence of Catudal's allegedly frivolous filings.  During that hearing, Judge Browne explained that she had repeatedly warned Catudal that he would be declared a vexatious litigator if he did not cease making frivolous filings, but according to Judge Browne, he continued the behavior.  Read in context, Judge Browne's comment appears to be based on her interpretation of the law and evidence, and it

therefore does not convey the impression that she has developed any hostile feelings towards Catudal or a fixed anticipatory judgment.

{¶ 6}  Third, Catudal has waived his right to object to Judge Browne based on a statement made by her counsel in a related mandamus proceeding.  An affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996).  Catudal claims that the judge's counsel made the allegedly false statement in a November 2012 filing, yet Catudal waited until September 2013 to file this affidavit.  As nothing in the record justifies the delay, Catudal has waived the right to disqualify Judge Browne based on this allegation.

{¶ 7}  In conclusion, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.  Those presumptions have not been overcome in this case.  The affidavit of disqualification is therefore denied.  The case may proceed before Judge Browne.

### Sanctions

{¶ 8}  The statutory right to seek disqualification of a judge is an extraordinary remedy not to be used in a frivolous manner.  Indeed, the filing of frivolous, unsubstantiated, or repeated affidavits of disqualification is contrary to the purpose of R.C. 2701.03 and a waste of judicial resources.  Catudal has now filed five affidavits of disqualification in the underlying case:  four against Judge Browne, *see* affidavit-of-disqualification case Nos. 11-AP-120, 11-AP-131, and 12-AP-023, and one against retired Judge Katherine Lias, who had temporarily sat by assignment for Judge Browne, *see* affidavit-of-disqualification case No. 12-

AP-121. None of Catudal's affidavits have been sustained. Moreover, the chief justice has previously warned Catudal that the filing of any further frivolous, unsubstantiated, or repeated affidavits will result in an imposition of sanctions. *See* case No. 12-AP-121. This admonition, however, has been ignored. Accordingly, it is sua sponte ordered that Catudal is prohibited from continuing or instituting any affidavit-of-disqualification proceedings relating to *Catudal v. Catudal*, case No. 10 DR 004934, without first obtaining leave. Any request for leave shall be submitted to the clerk of this court for the chief justice's review.

————————————