IN RE DISQUALIFICATION OF HOLBROOK.

PARISI *v*. MATHEWS.

[Cite as *In re Disqualification of Holbrook,* 138 Ohio St.3d 1206,

2013-Ohio-5863.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Judges are entitled to express dissatisfaction with an attorney's dilatory actions in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary.*

(No. 13-AP-103—Decided November 21, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas Case No. 12-CV-2858.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Plaintiff Georgianna I. Parisi has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Michael J. Holbrook from presiding over any further proceedings in case No. 12-CV-2858, a legal-malpractice action pending in the Court of Common Pleas of Franklin County.

**{¶ 2}** Parisi claims that Judge Holbrook is biased and prejudiced against her because he issued a discovery order that was "impossible" for her to comply with and because the judge made "disparaging" comments to her. Judge Holbrook has responded in writing to Parisi's allegations, asserting that he does not harbor any bias or prejudice against her. Marion H. Little Jr., counsel for the defendants, has filed an affidavit stating that Judge Holbrook has been fair and impartial to all parties.

**{¶ 3}** For the reasons explained below, no basis has been established to order the disqualification of Judge Holbrook.

**Judge Holbrook's discovery order**

{¶ 4} Judge Holbrook inherited the underlying case in December 2012, and at a January 24, 2013 status conference, he gave Parisi two additional weeks to respond to the defendants' outstanding document requests. At the next status conference, on March 12, 2013, Judge Holbrook found that Parisi had not complied with his previous order, and he then ordered that she take the requested documents to a copy shop, pay for copies, and deliver the copies to defense counsel by 5:00 p.m. that day. The judge further stated that Parisi would be sanctioned if she failed to comply.

{¶ 5} In her affidavit, Parisi claims that compliance with the judge's order was impossible because the documents were too voluminous to copy in one day, and when she informed Judge Holbrook's staff that the copy shop had indicated that it could not complete the job in a day, the staff advised her that the judge stood by his order. According to Parisi, the shop later estimated that copying the documents would take about 30 days and cost $9,574.50. Parisi argues that under the civil rules, she should not bear the burden of paying for the defendants' discovery requests. Accordingly, she has moved Judge Holbrook to require the defendants to pay the copying costs, but at the time she filed her affidavit of disqualification, Judge Holbrook had not yet ruled on her motion.

{¶ 6} In response to Parisi's claims, Judge Holbrook states that when he was assigned this case, he discovered "severe discovery problems," including Parisi's failure to produce requested documents. He admittedly became frustrated with Parisi at the March 12 status conference because she had not complied with his previous order; nonetheless, he claims that he gave her another opportunity to comply by the end of that day. Judge Holbrook avers that he was "trying to get the matter to trial" and that he did not issue the March 12 order with the expectation that Parisi's compliance was impossible. Finally, he states that he had

2

not yet ruled on Parisi's pending motion about copying costs because the motion was not ripe for decision at the time she filed her affidavit of disqualification.

{¶ 7} Trial judges are entitled to exercise considerable discretion in the management of cases on their dockets, especially in discovery matters, and any alleged abuse of that discretion should be remedied on appeal, not in an affidavit-of-disqualification proceeding. Accordingly, it is well settled that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. And a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, does not constitute bias or prejudice. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. On the record here, Parisi has not demonstrated that Judge Holbrook's discovery order was motivated by a personal bias against her, and therefore the judge's order is not grounds for disqualification.

### Judge Holbrook's alleged disparaging comments

{¶ 8} Parisi also alleges that Judge Holbrook made disparaging comments to her at the January and March status conferences. Specifically, Parisi claims that Judge Holbrook stated, "Nobody's going to believe you, you know that, don't you?" and "What am I going to do with you?" Judge Holbrook acknowledges making the comments, but he places them in context, indicating that he was attempting to explain to Parisi that if she could not produce any evidence in discovery, then no one would believe her claims at trial. As to the second comment, Judge Holbrook states that at that point, he had become "absolutely frustrated with [Parisi's] noncompliance with the discovery process."

{¶ 9} Judges "are certainly entitled to express dissatisfaction with attorneys' dilatory tactics inside and outside the courtroom," but that dissatisfaction should be expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary. *In re Disqualification of*

*Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10.  Given Judge Holbrook's explanation for his comments, his words do not reflect a " 'hostile feeling or spirit of ill-will * * * with the formation of a fixed anticipatory judgment' " that would mandate his removal from this case.  *See In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956) (setting forth the definition of the term "bias or prejudice").  Accordingly, Parisi's claim here is not well taken.

### Conclusion

**{¶ 10}** "The statutory right to seek disqualification of a judge is an extraordinary remedy.  * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions."  *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.  Those presumptions have not been overcome in this case.

**{¶ 11}** For the reasons stated above, the affidavit of disqualification is denied.  The case may proceed before Judge Holbrook.

———————————————