IN RE DISQUALIFICATION OF GILLIGAN.

THE CITY OF PARMA HEIGHTS *v.* OWCA.

[Cite as *In re Disqualification of Gilligan,*
145 Ohio St.3d 1209, 2015-Ohio-5663.]

(No. 15–AP–078—Decided September 11, 2015.)

O'CONNOR, C.J.

{¶ 1} Kenneth A. Bossin, counsel for defendant, has filed an affidavit with the clerk of this court under R.C. 2701.031 seeking to disqualify Judge Timothy P. Gilligan from the above-captioned case, now pending for trial on charges of operating a vehicle while intoxicated ("OVI") in the Parma Municipal Court.

{¶ 2} Bossin claims that Judge Gilligan's alleged prejudicial conduct in the underlying case warrants his removal.[1] Judge Gilligan has responded in writing

---

1. Bossin also avers that Judge Gilligan's conduct has prejudiced another client and that the judge should be removed from that client's case. Bossin, however, failed to identify the other pending case or the date of the next scheduled hearing in that matter, as required by R.C. 2701.03(B).

to the allegations, denying any bias against Bossin and requesting that the affidavit of disqualification be denied. For the reasons explained below, no basis has been established to order the disqualification of Judge Gilligan.

{¶ 3} First, Bossin claims that in a media article about defendant, Judge Gilligan expressed his opinion that repeat OVI offenders should be sentenced to significant jail time. Judge Gilligan, however, asserts that Bossin has misstated the facts regarding the article. The judge acknowledges that he participated in a "general interview regarding OVI sentencing structures." But the judge further explains that the interview was not about any specific pending case and that at the time of the interview, he was not aware of defendant's matter.

{¶ 4} Jud.Cond.R. 2.10 prohibits judges from making public statements about pending or impending matters and from making pledges or commitments that are inconsistent with the impartial performance of their judicial duties. The rule, however, also expressly permits judges to make public statements explaining "court procedures." *See* Jud.Cond.R. 2.10(D). Whether a judge will be disqualified on the basis of public comments to the media ordinarily depends on the nature and content of the complained-of comments. *See* Flamm, *Judicial Disqualification*, Section 16.10, at 478 (2d Ed.2007).

{¶ 5} Here, Bossin failed to submit a copy of the article he complains about. Thus, the judge's exact public comments, the context of the article, and how the article implicates defendant—if at all—are unknown. In disqualification requests, the burden falls on the affiant to submit specific allegations of bias or prejudice, which often requires the affiant to submit evidence beyond the affidavit of disqualification to support the allegations contained therein. *See* R.C. 2701.03(B)(1); *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. By failing to provide more information about the judge's alleged public comments, Bossin has failed to substantiate his claim that the judge's public comments prejudiced his client.

{¶ 6} Second, Bossin alleges that Judge Gilligan has prejudged certain matters in the case. For example, Bossin asserts that when discussing the possibility of a plea at a pretrial conference, Judge Gilligan indicated that he would consider only a maximum sentence and fine, and that at a recent suppression hearing, the judge announced his legal conclusion before Bossin had even commenced cross-examination of the prosecution's first witness.

{¶ 7} In response, Judge Gilligan states that Bossin's allegations regarding the pretrial conference are "entirely untrue." Further, Judge Gilligan states that at the suppression hearing, he merely announced that the city had met its prima

---

Thus, his affidavit of disqualification applies only to defendant Owca's case, which was the only matter identified by case name in Bossin's affidavit.

facie burden for probable cause, and he specifically reassured Bossin of this fact at the hearing. Judge Gilligan expressly denies behaving in a way that could imply that defendant would not receive a fair and orderly trial.

{¶ 8} In disqualification requests, a "presumption of impartiality" is "accorded all judges." *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7. Here, the record contains conflicting statements regarding whether Judge Gilligan has indicated a predisposition regarding any portion of the case. Typically, "conflicting evidence is insufficient to overcome the presumption of a judge's impartiality." *In re Disqualification of Burge*, 136 Ohio St.3d 1205, 2013-Ohio-2726, 991 N.E.2d 237, ¶ 5; *see also In re Disqualification of Synenberg*, 127 Ohio St.3d 1220, 2009-Ohio-7206, 937 N.E.2d 1011, ¶ 25 ("in the wake of the conflicting stories presented here, I cannot conclude that the judge should be removed"). Thus, the record does not clearly support a conclusion that Judge Gilligan has formed a fixed anticipatory judgment that would warrant his removal.

{¶ 9} Third, Bossin claims that he was "intimidated and bullied" by the judge. Specifically, Bossin avers that the court scheduled the underlying trial on a religious holiday. After Bossin advised the court's bailiff that he was unavailable that day, she told him that the judge would not change the scheduled date and that he should "file a motion." Bossin then commented that the media might be interested in this "perceived discrimination." According to Bossin, Judge Gilligan thereafter yelled at him, accused him of threatening the bailiff, and warned that he was about to be held in contempt of court.

{¶ 10} For his part, Judge Gilligan states that he and his staff were simply following the applicable rules regarding requests for continuances. The judge explains that his court set the underlying case for trial without knowing that the selected day was a religious holiday or that counsel practiced any particular religious faith. According to the judge's bailiff, Bossin insisted that the court continue the trial, but he also refused to sign a waiver of time for speedy trial. Accordingly, the bailiff refused to reschedule the trial, and Bossin then indicated that he would go to the media. Judge Gilligan acknowledges that upon learning of Bossin's conduct, he admonished Bossin regarding his "highly inappropriate threats directed towards this court and its staff." Nonetheless, the judge ultimately granted a continuance, after Bossin submitted a written request.

{¶ 11} A judge is certainly entitled to criticize or express dissatisfaction with conduct that he or she perceives as unprofessional, although that dissatisfaction should be expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary. *In re Disqualification of Holbrook*, 138 Ohio St.3d 1206, 2013-Ohio-5863, 3 N.E.3d 201, ¶ 9. Similarly, merely because a

judge threatens contempt against an attorney does not mean that the judge has lost the ability to remain impartial.

{¶ 12} In this case, Judge Gilligan ultimately continued the trial to accommodate Bossin. Based on this record, there is insufficient evidence to conclude that Judge Gilligan has a " 'hostile feeling or spirit of ill-will * * * with the formation of a fixed anticipatory judgment' " that would mandate his removal from this case. *See In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956) (defining "bias or prejudice").

{¶ 13} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Gilligan.