In re Disqualification of Forchione.

Esber Beverage Co. v. Labatt USA Operating Co., L.L.C., et al.

2016-Ohio-3111.]

(No. 16–AP–009—Decided February 11, 2016.)

O'Connor, C.J.

{¶ 1} Richard J. Thomas, counsel for defendant Superior Beverage Group, Ltd., has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Frank Forchione from presiding over any further proceedings in the above-captioned case.

{¶ 2} Thomas claims that Judge Forchione has exhibited bias in favor of plaintiff, a locally owned Stark County business, throughout the litigation. For example, Thomas avers that Judge Forchione has permitted plaintiff to "unilaterally control the discovery process." Thomas also asserts that Judge Forchione has expressed disagreement with rulings from this court and the court of appeals, which reversed the judge's summary-judgment decision in plaintiff's favor.

{¶ 3} Judge Forchione has responded in writing to the affidavit, detailing his handling of the case and denying any bias.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Forchione.

{¶ 5} First, it has long been held that "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze*, 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). Judge Forchione has presided over this complex case for over six years, and according to the judge, only one issue

remains to be decided. Given the length of the underlying proceeding and given Judge Forchione's significant involvement, Thomas has not established the existence of extraordinary circumstances warranting the judge's removal.

{¶ 6} Second, Thomas has waived some of his bias claims by not raising them earlier. An affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). Here, some of the events giving rise to Thomas's affidavit occurred in 2013 and 2014. Yet Thomas waited until January 2016—immediately after receiving an allegedly adverse discovery ruling—to file his affidavit. As nothing in the record justifies the delay, Thomas has waived the right to disqualify Judge Forchione based on some of these allegations.

{¶ 7} Third, Thomas's remaining bias claims appear to be related to his disagreement with Judge Forchione's recent discovery entry. Specifically, Thomas avers that the judge's entry (1) requires Superior to disclose irrelevant documents and is therefore in conflict with an order from the court of appeals, (2) fails to protect Superior's confidential and proprietary information, and (3) contradicts what actually occurred at the December 2015 discovery conference. However, "[t]rial judges are entitled to exercise considerable discretion in the management of cases on their dockets, especially in discovery matters, and any alleged abuse of that discretion should be remedied on appeal, not in an affidavit-of-disqualification proceeding." *In re Disqualification of Holbrook*, 138 Ohio St.3d 1206, 2013-Ohio-5863, 3 N.E.3d 201, ¶ 7. An affidavit of disqualification "addresses the narrow issue of the possible bias or prejudice of a judge," and it is "not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Accordingly, a "judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. At bottom, Thomas may have other remedies to challenge the judge's discovery entry, but Thomas has not proved that the judge's discretionary order was the product of bias or prejudice.

{¶ 8} Finally, to support his bias claims, Thomas asserts that Judge Forchione has expressed disagreement with decisions by this court and the court of appeals reversing his summary-judgment decision. As explained in a previous disqualification request, "[r]emarks like those can regrettably cause one party or another to believe that a judge who says them will not follow a higher court's rulings on remand, and judges should therefore think carefully before sharing their views so openly with the parties in ongoing litigation." *In re Disqualification of Hurley*,

113 Ohio St.3d 1228, 2006-Ohio-7229, 863 N.E.2d 630, ¶ 5. And as the Code of Judicial Conduct directs, judges should also refrain from using words or conducting themselves in a way that might manifest bias or prejudice. *See* Jud.Cond.R. 1.2 and 2.3.

{¶ 9} Nonetheless, even if Judge Forchione expressed disagreement with this court's decision, he also acknowledged that he must follow it. Thus, although there may be circumstances in which a new judge should preside over a case after remand from an appellate court, the record does not support that conclusion here. *Compare Columbus v. Hayes,* 68 Ohio App.3d 184, 188–189, 587 N.E.2d 939 (10th Dist.1990) (remanding for further proceedings before a different judge when the original sentencing judge, after being reversed, made it clear that he did not intend to follow the mandate of the appeals court by declaring that he would impose the same sentence as before, even if he were reversed ten times).

{¶ 10} A "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 11} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Forchione.