IN RE DISQUALIFICATION OF GAUL.

SULTAANA v. INTEGRITY FUNDING OHIO, L.L.C.

(No. 16-AP-032—Decided May 25, 2016.)

O'CONNOR, C.J.

{¶ 1} Plaintiff, Amirah Sultaana, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Daniel Gaul from presiding over any further proceedings in the above-captioned civil case.

{¶ 2} Sultaana claims that Judge Gaul has demonstrated hostile feelings and a spirit of ill will toward her throughout the underlying proceedings. For example, she claims that the judge has repeatedly threatened to hold her in contempt and has prevented her from saying what she wants at conferences and hearings. Sultaana also alleges that the judge's rulings in the case have resulted in a "miscarriage of justice."

{¶ 3} Judge Gaul has responded in writing to the affidavit, asserting that the case has been conducted in a professional and unbiased manner. According to

Judge Gaul, Sultaana has filed a number of frivolous and improper filings, but despite her challenging tactics, the judge has used his best efforts to handle the case proficiently.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Gaul.

{¶ 5} "In the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case." *In re Disqualification of Pepple,* 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989). This case has been pending since 2013, and Judge Gaul states that Sultaana has submitted 126 pleadings or filings since then. According to the judge, all relevant and pending motions were resolved at the time that Sultaana filed her affidavit. Given the length of this case and the judge's significant involvement, Sultaana has failed to establish that extraordinary circumstances exist that would warrant the judge's removal at this stage of the litigation.

{¶ 6} For example, Sultaana alleges that Judge Gaul has repeatedly threatened to hold her in contempt. Sultaana, however, has not provided the necessary context to determine whether her allegations have any merit. R.C. 2701.03(B)(1) requires a litigant to submit "specific" allegations of bias or prejudice, and Sultaana's vague and unsubstantiated allegations are insufficient. *In re Disqualification of Walker,* 36 Ohio St.3d 606, 522 N.E.2d 460 (1988). Moreover, "merely because a judge threatens contempt against [a party] does not mean that the judge has lost the ability to remain impartial." *In re Disqualification of Gilligan,* 145 Ohio St.3d 1209, 2015-Ohio-5663, 47 N.E.3d 860, ¶ 11.

{¶ 7} Additionally, Sultaana repeatedly claims that Judge Gaul has disregarded applicable civil rules or statutes. But it is well established that "a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst,* 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14. Therefore, Sultaana's disagreement or dissatisfaction with Judge Gaul's legal rulings is not grounds for disqualification.

{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge Gaul.