{¶ 7} The affidavit of disqualification is dismissed.

_____

IN RE DISQUALIFICATION OF MARTIN.

FRIES *v.* GREG G. WRIGHT & SONS, L.L.C.

2016-Ohio-8595.]

(No. 16–AP–047—Decided June 28, 2016.)

_____

O'CONNOR, C.J.

{¶ 1} Charles Fischer, who is a defendant in the underlying civil case and is serving as counsel for another defendant, has filed an affidavit and a supplemental affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Steven E. Martin from presiding over any further proceedings in the case.

{¶ 2} Fischer alleges that Judge Martin has exhibited significant bias and prejudice against him and other defendants. Judge Martin has responded in writing to the affidavit, detailing his handling of the case and denying any bias against any party.

{¶ 3} Before addressing the merits of Fischer's claims, the timing of his affidavit must be addressed. R.C. 2701.03(B) requires that an affidavit of disqualification be filed "not less than seven calendar days before the day on

which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside, however, "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date. *In re Disqualification of Leskovyansky,* 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). Here, Fischer filed his affidavit of disqualification on June 14, 2016, although a hearing was scheduled for June 17. Fischer contends that he filed the affidavit as soon as practicable because most of the alleged judicial bias occurred during a June 10 hearing. In light of Fischer's averments, the clerk properly accepted the affidavit for filing despite the seven-day requirement in R.C. 2701.03(B). *See In re Disqualification of Squire,* 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 3.

{¶ 4} Turning to the merits, for the reasons explained below, Fischer has not established that Judge Martin's disqualification is necessary.

{¶ 5} Fischer's affidavit and supplemental affidavit set forth a variety of bias allegations, which fall into four main categories. First, Fischer claims that at the June 10 hearing, Judge Martin undermined an active criminal investigation by publicly disclosing information that the judge had received from a telephone communication with a special prosecutor investigating potential criminal activity involving the plaintiff. In response, Judge Martin acknowledges that—as he told the parties at the June 10 hearing—a special prosecutor contacted him and requested him to stay the underlying civil case. The judge, however, refused. The judge states that his decision neither hindered nor assisted the special prosecutor and therefore Fischer's allegation that the judge has somehow impeded a criminal investigation is "absurd."

{¶ 6} An affidavit of disqualification "addresses the narrow issue of the possible bias or prejudice of a judge." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Accordingly, whether Judge Martin appropriately responded to the special prosecutor's request is outside the scope of this affidavit-of-disqualification proceeding. Further, R.C. 2701.03(B)(1) requires an affiant to set forth the "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based." Here, Fischer has failed to specifically explain how the judge's actions show bias or prejudice against him or the other defendants.

{¶ 7} Second, Fischer asserts that Judge Martin berated and chastised him and another defendant at the June 10 hearing. For example, Fischer states that Judge Martin singled him out for inappropriately e-mailing the judge's chambers. According to Fischer, the plaintiff's counsel and the judge's law clerk also used e-mail to communicate with each other about the case yet were not lectured by the judge. Fischer submitted portions of the June 10 transcript with his supplemental affidavit. The partial transcript, however, does not support Fischer's position

that Judge Martin exhibited bias toward him. In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.'" *In re Disqualification of O'Neill,* 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt,* 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). The partial transcript does not suggest that Judge Martin was hostile to Fischer at the hearing or that the judge had any fixed anticipatory judgment in the case.

{¶ 8} Third, Fischer claims that Judge Martin engaged in an improper ex parte communication with the plaintiff's counsel on May 13, 2016, when the judge went forward with a scheduled status conference despite the absence of defense counsel, who Fischer claims were unable to attend. Unauthorized ex parte communications between a judge and counsel for one party can certainly lead to disqualification. *See, e.g., In re Disqualification of Sheward,* 134 Ohio St.3d 1226, 2012-Ohio-6289, 982 N.E.2d 717. However, as Judge Martin asserts, when counsel are notified of a status conference but then fail to appear, a judge does not engage in an improper ex parte communication simply by holding the conference.

{¶ 9} Fourth, Fischer complains about Judge Martin's various rulings in the case and especially about the judge's refusal to refer the case to arbitration. It is well established, however, that "[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced." *In re Disqualification of Russo,* 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5. Accordingly, an affidavit of disqualification cannot be used to remove a judge from a case simply because a party is unhappy about a series of rulings. "Procedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts." *Id.* at ¶ 6. However, reviewing alleged legal errors is not the role of the chief justice in deciding affidavits of disqualification.

{¶ 10} The affidavit is therefore denied. The case may proceed before Judge Martin.