IN RE DISQUALIFICATION OF MARTIN.

FRIES *v.* GREG G. WRIGHT & SONS, L.L.C.

2016-Ohio-8603.]

(No. 16–AP–081—Decided October 4, 2016.)

O'CONNOR, C.J.

{¶ 1} Thomas Grossmann, who is a defendant in the underlying case and is serving as counsel for himself and other defendants, has filed a second affidavit of disqualification under R.C. 2701.03 seeking to remove Judge Steven E. Martin from the above-captioned case. Grossmann's previous affidavit of disqualification was denied in an entry dated July 25, 2016.

---

{¶ 2} Before addressing the merits of Grossmann's second affidavit, the timing of his filing must be addressed. R.C. 2701.03(B) requires that an affidavit of disqualification be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside, however, "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date. *In re Disqualification of Leskovyansky*, 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). Here, Grossmann filed his affidavit of disqualification on September 22, 2016, although Judge Martin had scheduled a hearing for the following day. Grossmann contends that he could not have filed the affidavit within the statutory time period because the alleged bias occurred after a September 16 hearing, which was within seven days of the next scheduled hearing. In light of Grossmann's averment, the clerk properly accepted the affidavit for filing. *See In re Disqualification of Squire*, 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 3.

{¶ 3} Turning to the merits, Grossmann avers that after the September 16 hearing, he and Susan Bell, one of the plaintiff's counsel, had a conversation about discovery issues. According to Grossmann, the conversation was not acrimonious, although they were disagreeing. Grossmann avers that Judge Martin "burst back into the courtroom yelling and screaming at [Grossmann] to get out of his courtroom and to 'stop abusing' Ms. Bell." Grossmann claims that Judge Martin's "extreme outburst" directed toward him demonstrated the judge's bias and prejudice against him.

{¶ 4} Judge Martin has responded in writing to the affidavit, denying any bias against Grossmann. According to Judge Martin, when he reentered his court-room after the September 16 hearing, Grossmann and Bell were loudly arguing and Bell appeared uncomfortable with the situation. After the judge stated "excuse me" with no reaction from counsel, he then stated "stop it" in a much louder voice. Judge Martin denies that he singled out Grossmann and instead claims that his remark was directed at both counsel, because it was inappropriate for them to continue loudly arguing in his courtroom.

{¶ 5} The disqualification of a judge is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Here, Grossmann's affidavit and Judge Martin's response indicate that they remember the events after the September 16 hearing differently. Given the conflicting evidence in the record—and given Grossmann's failure to substantiate his allegations with third-party affidavits or any evidence—Grossmann has failed to set forth sufficiently compelling evidence to overcome the presumption that Judge

Martin is fair and impartial. *See, e.g., In re Disqualification of Harwood,* 137 Ohio St.3d 1221, 2013-Ohio-5256, 999 N.E.2d 681, ¶ 5.

{¶ 6} The affidavit of disqualification is therefore denied. The case may proceed before Judge Martin.