In re Disqualification of Martin.

Fries *v.* Greg G. Wright & Sons, L.L.C.

2016-Ohio-8590.]

(No. 16–AP–088—Decided November 22, 2016.)

O'Connor, C.J.

{¶ 1} Charles Fischer, who is a defendant in the underlying case and is serving as counsel for another defendant, has filed an affidavit and supplemental affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Steven E. Martin from presiding over any further proceedings in the above-captioned case. This is the second affidavit of disqualification that Mr. Fischer has filed against Judge Martin. His first affidavit was denied in an entry dated June 28, 2016. 149 Ohio St.3d 1202, 2016-Ohio-8595, 74 N.E.3d 436. Mr. Fischer's co-defendant, Thomas Grossmann, has also filed two affidavits of disqualification against Judge Martin, which were denied in July and October 2016. 149 Ohio St.3d 1225, 2016-Ohio-8603, 74 N.E.3d 454.

{¶ 2} In his present affidavit, Mr. Fischer avers that for a variety of reasons, Judge Martin's conduct has created a "perception of impropriety" requiring his removal from the case. Judge Martin has responded in writing to the affidavit, denying any bias against Mr. Fischer and refuting many of his allegations.

{¶ 3} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Upon full consideration of Mr. Fischer's affidavits and Judge Martin's response, it is decided that the reasonable observer would not harbor serious doubts about the judge's impartiality.

{¶ 4} As an initial matter, some of the allegations in Mr. Fischer's affidavit are not grounds for disqualification. For example, Mr. Fischer asserts that Judge

Martin improperly attempted to set case-scheduling deadlines in a letter to counsel rather than entering a scheduling order on the journal. Mr. Fischer also alleges that Judge Martin misrepresented the record by labeling his letter as an order of the court. In response, Judge Martin asserts that his letter clearly stated that it was an order, regardless of how the clerk of court's office entered it on the journal. Whether the judge's letter qualified as an enforceable order is not an issue that should be decided in an affidavit of disqualification, and therefore this is not the appropriate forum to decide whether the judge mischaracterized a document.

{¶ 5} Similarly, Mr. Fischer argues that Judge Martin's most recent decision contradicted local rules and failed to address the defendants' arguments. However, " 'neither a party's disagreement with a judge's determination, nor its dissatisfaction with a particular result, can supply the evidentiary showing needed to so reflect upon a judge's partiality as to mandate judicial disqualification.' " *In re Disqualification of D'Apolito,* 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5, quoting Flamm, *Judicial Disqualification,* Section 16.2, 445–446 (2d Ed.2007). Mr. Fischer may have other remedies—such as the appeal he has already filed—for the issues that he raises regarding the judge's recent decision, but his dissatisfaction with how Judge Martin has handled the case does not establish bias or prejudice.

{¶ 6} Although some of Mr. Fischer's other allegations are appropriate for an affidavit of disqualification, he has not established that Judge Martin's removal is necessary to avoid an appearance of impropriety. For example, Mr. Fischer asserts that Judge Martin was disrespectful to him at a recent hearing by stating that Mr. Fischer and Mr. Grossmann were the "most rude, uncivil people" that the judge had dealt with. For his part, Judge Martin explains that he made that comment because Mr. Fischer and Mr. Grossmann were constantly interrupting the hearing. Indeed, the record shows that Mr. Fischer had attempted to interrupt Judge Martin immediately before the judge made the remark. "A judge is certainly entitled to criticize or express dissatisfaction with conduct that he or she perceives as unprofessional, although that dissatisfaction should be expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary." *In re Disqualification of Gilligan,* 145 Ohio St.3d 1209, 2015-Ohio-5663, 47 N.E.3d 860, ¶ 11. Notwithstanding Judge Martin's isolated comment in a moment of frustration, the content and tone of the judge's response to Mr. Fischer's affidavits of disqualification show that the judge is neither hostile toward nor biased against the defendants.

{¶ 7} As previously explained, "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d

1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} Finally, it must be noted again that this is the fourth affidavit of disqualification filed in the underlying matter. The parties are cautioned that the statutory right to seek disqualification of a judge is an extraordinary remedy, and the filing of repeated or frivolous affidavits is contrary to the purpose of R.C. 2701.03 and a waste of judicial resources. *See In re Disqualification of Browne,* 136 Ohio St.3d 1279, 2013-Ohio-4468, 996 N.E.2d 944, ¶ 8.

{¶ 9} The affidavit of disqualification is denied.