O'Connor, C.J.
*1307 {¶ 1} Steven J. Hupp, counsel for defendant Dr. Dean R. Ball, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Ronald J. Rice from presiding over any further proceedings in the above-referenced case, now pending for trial.
{¶ 2} Mr. Hupp claims that Judge Rice is biased in favor of the plaintiff because the judge arbitrarily denied Mr. Hupp's recent motion to continue the trial. According to Mr. Hupp, he is scheduled to appear in another case for trial on the same date and Judge Rice's decision violates Dr. Ball's constitutional right to have his chosen counsel represent him.
{¶ 3} Judge Rice has responded in writing to the affidavit and denies any bias in the underlying case. The judge also explains his reasons for denying Mr. Hupp's recent motion and asserts that his decision is supported by the Rules of Superintendence.
{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *1308 State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Mr. Hupp has not established that Judge Rice has hostility or favoritism toward a party or a fixed judgment on any issue in the underlying case. Mr. Hupp primarily disagrees with Judge Rice's refusal to continue the scheduled trial. It is long settled, however, that "[t]he granting of a continuance is within a judge's discretion and the denial of a continuance is not by itself evidence of bias or prejudice." In re Disqualification of Millard , 74 Ohio St.3d 1235, 657 N.E.2d 1343 (1992) ; see *193 also In re Disqualification of Fuerst , 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 14 ("a judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice"). Nor is this the appropriate forum to determine whether the judge's decision violates Dr. Ball's right to his chosen counsel. See In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4 (an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law").
{¶ 5} Judge Rice has adequately explained his reasons for denying Mr. Hupp's motion, and the record does not support a finding that the judge's decision was the product of bias. "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Rice.