O'Connor, C.J.
*1309 {¶ 1} Michael P. Dailey, counsel for the defendant, Clouvis Chebegwen, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Dennis J. Adkins from presiding over any further proceedings in the above-referenced case.
{¶ 2} According to Mr. Dailey, his client fled from Cameroon after numerous acts of violence against him and his family and has an application for asylum pending with the United States government. In the underlying matter, Mr. Chebegwen is charged with theft, pandering obscenity involving a minor, and pandering sexually oriented material involving a minor. Mr. Dailey states that according to Mr. Chebegwen's attorney in the asylum case, Mr. Chebegwen's convictions on the indicted charges would result in his deportation back to Cameroon where he would be "imprisoned, tortured, or killed."
{¶ 3} Prior to the scheduled trial in this matter, Mr. Dailey and an assistant prosecutor negotiated a plea agreement in which the state agreed to amend or dismiss the charges relating to obscenity and sexually oriented material involving a minor. Mr. Dailey avers that Judge Adkins should be removed from this case based on his reaction to the proposed plea agreement. Specifically, Mr. Dailey alleges that the judge demonstrated bias or "an appearance of impropriety" based on the following: (1) after the parties presented their plea agreement, the judge commented, "Why are we fighting so hard to keep this guy in our country"; (2) the judge initially rejected the plea agreement, although Mr. Dailey *194 is not aware of the judge rejecting any other plea agreement in the past several years; (3) the judge involved supervisors from the prosecutor's office in the plea negotiations; (4) the judge refused Mr. Dailey's request to continue the scheduled trial; and (5) the judge showed "general disdain toward [Chebegwen's] immigration status."
{¶ 4} Judge Adkins has responded in writing to the affidavit and denies any bias against the defendant. The judge acknowledges making a comment similar to the one alleged by Mr. Dailey, but the judge believes that Mr. Dailey has taken the comment out of context. According to the judge, he made the comment in response to Mr. Dailey's argument that the proposed plea agreement should be accepted solely to protect Mr. Chebegwen from being deported. The judge states that he has sympathy for Mr. Chebegwen's situation but that he never considers a defendant's immigration status in handling criminal cases.
*1310 {¶ 5} Judge Adkins also states that he never told counsel that he was unwilling to accept the proposed plea agreement in this case. Rather, after counsel advised him of their proposal, he asked the assistant prosecutor whether she had obtained her supervisor's approval. According to the judge, the prosecutor's office has an internal policy requiring supervisor approval of plea negotiations in "certain types of cases, including sexually oriented offenses." The judge asserts that after the assistant prosecutor informed him that she had not sought approval, the judge advised counsel that he would accept the agreement but only if supervisors in the prosecutor's office first approved it. As it turned out, the supervisors did not approve of the proposed plea agreement. Therefore, Judge Adkins asserts that contrary to Mr. Dailey's allegation, he did not reject the parties' plea agreement. Judge Adkins also explains his reasons for denying Mr. Dailey's request to continue the scheduled trial.
{¶ 6} Three of Mr. Dailey's colleagues and the assistant prosecutor and her supervisor also submitted affidavits in this proceeding.
{¶ 7} For the reasons explained below, no basis has been established to order the disqualification of Judge Adkins.
The timing of the affidavit
{¶ 8} R.C. 2701.03(B) requires that an affidavit of disqualification be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside only "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date. In re Disqualification of Leskovyansky , 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). Here, Mr. Dailey filed his affidavit of disqualification on the same day as the scheduled trial. Mr. Dailey contends that it was impossible for him to timely file the affidavit because Judge Adkins's challenged conduct occurred within five days of the trial date. In light of Mr. Dailey's averments, the clerk properly accepted the affidavit for filing despite the seven-day requirement of R.C. 2701.03(B). See In re Disqualification of Squire , 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 3.
The merits of the affidavit
{¶ 9} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be *195 governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). "The proper test for *1311 determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." In re Disqualification of Lewis , 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. "The reasonable observer is presumed to be fully informed of all the relevant facts in the record-not isolated facts divorced from their larger context." In re Disqualification of Gall , 135 Ohio St.3d 1283, 2013-Ohio-1319, 986 N.E.2d 1005, ¶ 6.
{¶ 10} Based on this record, Mr. Dailey has not established that Judge Adkins is biased against the defendant or that an objective observer would question the judge's impartiality. Judge Adkins's challenged comment was apparently made in the context of determining whether to accept the proposed plea agreement and in response to Mr. Dailey's emphasizing the immigration consequences to the defendant if he were convicted of the original charges. That isolated comment, however, does not demonstrate that Judge Adkins is biased against Mr. Chebegwen based on his immigration status. Taken out of context, the comment may appear insensitive, but the record here, including Judge Adkins's response to the affidavit of disqualification, does not indicate that he is hostile toward the defendant or unable to fairly and impartially preside over the underlying case. See, e.g. , In re Disqualification of Martin , 149 Ohio St.3d 1233, 2016-Ohio-8590, 75 N.E.3d 225, ¶ 6 ("Notwithstanding [the judge's] isolated comment in a moment of frustration, the content and tone of the judge's response to [the] affidavits of disqualification show that the judge is neither hostile toward nor biased against the defendants").
{¶ 11} Moreover, a judge's decision regarding whether to accept a plea bargain or to continue a trial is within his or her discretion and, in general, is not evidence of bias or prejudice. See, e.g. , In re Disqualification of Mitrovich , 74 Ohio St.3d 1219, 1220, 657 N.E.2d 1333 (1990) ("Whether the refusal to accept the plea bargain constitutes an abuse of discretion is a legal issue subject to appeal and is not grounds to sustain an affidavit of disqualification"); In re Disqualification of Millard , 74 Ohio St.3d 1235, 657 N.E.2d 1343 (1992) ("The granting of a continuance is within a judge's discretion and the denial of a continuance is not by itself evidence of bias or prejudice"). And the record supports Judge Adkins's position that he did not reject the parties' proposed plea agreement. Rather, he advised counsel that he would accept the agreement if supervisors from the prosecutor's office approved it. Although Judge Adkins's conditional acceptance of the plea agreement may have been unusual, he explains that he did so because of his knowledge of an internal policy at the prosecutor's office-not because of this defendant's immigration status.
*1312 {¶ 12} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
*196 {¶ 13} The affidavit of disqualification is denied. The case may proceed before Judge Adkins.