O'Connor, C.J.
*1312 {¶ 1} Defendant, John B. Ertle Jr., has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge John D. Sutula from presiding over any further proceedings in the above-referenced legal-malpractice case.
{¶ 2} Mr. Ertle claims that Judge Sutula is biased against him based on the judge's conduct in a prior, unrelated matter in which Mr. Ertle served as counsel. Mr. Ertle alleges that in the prior case, the judge held him in contempt and "went out of his way to make derogatory comments about how [Mr. Ertle] practiced law and what a terrible lawyer [he] was." Mr. Ertle also states that the court of appeals reversed Judge Sutula's decisions in the matter, which increased the judge's hostility toward him. To support his allegations, Mr. Ertle submitted hearing transcripts from the prior case.
{¶ 3} Judge Sutula has responded in writing to the affidavit and denies any bias against Mr. Ertle. The judge admits that in the prior matter, he became *1313 exasperated with some of Mr. Ertle's conduct, including his refusal to answer direct questions and comply with court orders. The judge affirms, however, that he does not harbor any animosity or ill will against Mr. Ertle regarding the prior case.
{¶ 4} The transcripts from the prior action show that Judge Sutula expressed significant frustration with Mr. Ertle's professional conduct. Based on the judge's prior comments, Mr. Ertle understandably questions whether the judge can now set aside his views about Mr. Ertle's professional capabilities to impartially preside over the pending legal-malpractice case. Although judges are "entitled to express dissatisfaction with attorneys' dilatory tactics," that dissatisfaction "should be expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary." In re Disqualification of Corrigan , 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10.
{¶ 5} The statutory right to seek disqualification of a judge, however, is an extraordinary remedy. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. The prior case ended almost ten years ago, and there is nothing in the record suggesting that Judge Sutula harbors any continuing personal animus toward Mr. Ertle or that the judge has been unduly influenced by the previous case. Moreover, the fact that a *197 litigant is successful in reversing a trial judge's decisions on appeal or the fact that a judge holds a litigant in contempt does not mean that the judge has lost the ability to remain impartial in later proceedings involving that litigant. See In re Disqualification of Rice , 151 Ohio St.3d 1206, 2017-Ohio-7437, 85 N.E.3d 741, ¶ 4 ; In re Disqualification of Gilligan , 145 Ohio St.3d 1209, 2015-Ohio-5663, 47 N.E.3d 860, ¶ 11. Without more, Mr. Ertle has not submitted sufficiently compelling evidence to overcome the presumption that Judge Sutula will follow the law fairly and impartially in the underlying matter.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Sutula.