IN RE DISQUALIFICATION OF GILL.

TASSONE *v*. TASSONE.

[Cite as *In re Disqualification of Gill*, ___ Ohio St.3d ___, 2019-Ohio-3743.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to demonstrate bias or prejudice—Disqualification denied.*

(No. 19-AP-066—Decided June 6, 2019.)

ON AFFIDAVITS OF DISQUALIFICATION in Franklin County Court of Common Pleas, Domestic Relations Division, Case No. 17DR004399.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Defendant Matthew Tassone has filed two more affidavits with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Elizabeth Gill from presiding over any further proceedings in the above-referenced case. Mr. Tassone has filed several previous meritless affidavits of disqualification against Judge Gill. *See* case Nos. 18-AP-088, 18-AP-129, and 19-AP-062. Mr. Tassone captioned his June 4, 2019 filing as a "supplemental" affidavit, likely because he was unaware that when he filed the document, the affidavit he filed in the third disqualification proceeding had already been denied. The clerk therefore assigned a new case number to the affidavit filed on June 4. Mr. Tassone thereafter filed a second "supplemental" affidavit.

**{¶ 2}** In the first pending affidavit, Mr. Tassone primarily criticizes and challenges the veracity of statements in Judge Gill's response to the affidavit of disqualification he filed in case No. 19-AP-062. However, S.Ct.Prac.R. 21.02(C) provides that "[n]o reply to a response from the judge shall be permitted." Mr. Tassone cannot circumvent this rule by labeling his filing a "supplemental" affidavit. And to the extent that Mr. Tassone's affidavit is an attempt to prove that

Judge Gill's response *itself* is evidence of bias or prejudice, his argument is not well taken. He has failed to prove that the judge's response demonstrates that she has hostility toward him or a fixed anticipatory judgment on any issue in the underlying case.

{¶ 3} In his second pending affidavit, Mr. Tassone alleges that Judge Gill, a magistrate, and an attorney in the underlying case engaged in fraudulent conduct. However, "[a]llegations that are based solely on hearsay, innuendo, and speculation—such as those alleged here—are insufficient to establish bias or prejudice." *In re Disqualification of Flanagan*, 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4; *see also In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

{¶ 4} As noted above, Mr. Tassone has previously filed several other affidavits seeking Judge Gill's disqualification from the underlying case—all of which have been meritless. "[T]he filing of frivolous, unsubstantiated, or repeated affidavits of disqualification is contrary to the purpose of R.C. 2701.03 and a waste of judicial resources." *In re Disqualification of Browne*, 136 Ohio St.3d 1279, 2013-Ohio-4468, 996 N.E.2d 944, ¶ 8.

{¶ 5} The affidavits of disqualification are denied.

───────────────────